**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JERMIKO V. JOHNSON**                                                                        **PETITIONER**
**ADC #600520**

**VS.**                         **CASE NO.: 5:13CV00174 SWW/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                              **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  Mr. Johnson - or any party - may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

On April 23, 2013, Petitioner Jermiko V. Johnson filed the pending 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] (Docket entry #1) Respondent Ray Hobbs filed a response denying that Mr. Johnson is entitled to habeas relief. (#5) For the following reasons, Mr. Johnson's petition for writ of habeas corpus should be DENIED, with prejudice.

## III.   Background

On February 19, 2009, a Sebastian County jury found Mr. Johnson guilty of the second degree sexual assault of his then-girlfriend's minor daughter. (#5-2) As a result of the conviction, the trial court imposed a 288-month sentence in the Arkansas Department of Correction. (#5-2, at p. 1) Mr. Johnson appealed, and on October 20, 2010, the Arkansas Court of Appeals affirmed the conviction and sentence. (#5-3)

On January 7, 2011, Mr. Johnson filed a Rule 37 petition for post-conviction relief in the trial court, alleging ineffective-assistance-of-counsel and insufficiency of the

---

[1] Mr. Johnson's petition is dated April 23, 2013, but was not received by the Clerk of Court until June 10, 2013. (#1) Under the "mailbox rule," Respondent and this Court will treat the petition as filed on April 23, 2013. (#5, at p. 3)

evidence. (#5-4) The trial court denied the Rule 37 petition on January 21, 2011. (#5-5) Mr. Johnson appealed, and on May 24, 2012, the Supreme Court of Arkansas affirmed the trial court's denial of Mr. Johnson's Rule 37 petition. (#5-6)

In the pending petition, Mr. Johnson raises the same ineffective-assistance-of-counsel claims that he raised with the State courts. (#1, at pp. 3-8) He also claims that he was convicted of second-degree sexual assault without sufficient evidence to support the conviction. (#1, at p. 3)

## IV. Discussion

### A. *Standard of Review*

Federal courts provide limited review of claims adjudicated in state court. "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is contrary to federal law only where the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States

Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an unreasonable application of federal law only "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. It is not enough that a federal court might have applied federal law in a manner different from the state court. Rather, the state court's application must have been objectively unreasonable. *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside only if they are not fairly supported by the record. *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

    B.    *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S. Ct. 838, 842 (1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 684 (1984)). "[T]he right to the effective assistance of counsel is recognized not for its

own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *Id* (quoting *U.S. v. Cronic*, 466 U.S. 648, 658 (1984)).

A criminal defendant's right to the effective assistance of counsel "is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

To establish his ineffective assistance of counsel claim, Mr. Johnson has the burden of showing that his counsel's performance was deficient, and that he was prejudiced by his counsel's deficient performance. He has not made either of these showings.

Mr. Johnson alleged that in the State courts, and here, his counsel was ineffective for failing to: (1) investigate the mental competence of the witnesses (victim and mother); (2) get medical records that allegedly showed that the victim and her mother did not mention the sexual assault at doctor appointments; (3) investigate the effect of the medications the witnesses were taking; (4) look into school records (where the victim

allegedly reported the crime); and (5) question why the victim did not accuse Mr. Johnson of sexual assault prior to trial. (#1) Mr. Johnson failed to support any of his claims either here or in his State court filings.

    1. *Mental Competence*

Mr. Johnson claims that had his counsel investigated the mental competence of the victim and her mother, the trial court "would have potentially suppressed" their testimony. (#1, at p. 4) Mr. Johnson has not presented any evidence regarding the mental competence of the victim or her mother.

Every person, including children, are presumed competent to testify. *United States v. Kelly*, 436 F.3d 992, 996 (8th Cir. 2006). A bare assertion, such as Mr. Johnson's statement here, that a witness was not competent to testify due to his or her mental state is insufficient to overcome the presumption in Federal Rule of Evidence 601 that all witnesses are presumed competent to testify. *United States v. Skorniak*, 59 F.3d 750, 755 (8th Cir. 1995)

In Arkansas, the fact that the testimony of a victim of sexual assault will be without corroboration, or with only little corroboration, does not compel a psychiatric evaluation of the witness when considering her competency to testify. *Kitchen v. State*, 271 Ark. 1, 607 S.W.2d 345 (1980). A child, like the victim in this case, is held to same standard of competency as an adult, but the trial court must begin with presumption that every person is competent to be witness. *Midgett v. State*, 316 Ark. 55, 873 S.W.2d 165

(1994). The party alleging that a witness is incompetent has the burden of proving the allegation. *Byndom v. State*, 344 Ark. 391, 39 S.W.3d 781 (2001).

Mr. Johnson has not explained in what way the victim and her mother were incompetent, but in Arkansas, a "mildly retarded" rape victim is competent to testify if the victim is alert and responsive to questioning. *Logan v. State*, 300 Ark. 35, 776 S.W.2d 341 (1989).

After reviewing the victim's testimony, it is clear she was, at a minimum, alert and responsive to questioning. (#6, pp. 149-185) Aside from a failure to contact police sooner, there is nothing in the victim's mother's testimony that would raise a question about her competence either. (#6, pp. 192-227) It appears from this record that a challenge to either the victim's or her mother's competence would have been frivolous. Accordingly, Mr. Johnson has not shown his counsel was ineffective for failing to challenge witness competence.

Mr. Johnson claims that "we have prior knowledge that victim suffered mental issues which were sufficient to cause her to lie." (#1, at p. 4) Mr. Johnson has provided no evidence to support this assertion, and the Court cannot assume there is evidence somewhere favorable to Mr. Johnson's claim. Without any support for this claim, this Court cannot find the State court's decision inconsistent with, or an unreasonable application of, clearly established federal law.

2. *Physician and School Records and Witnesses*

Mr. Johnson claims his lawyer was ineffective for failing to question the doctors and school officials who had direct knowledge of the events. (#1, p. 5) But he then claims tht neither the victim nor her mother mentioned a sexual assault to her doctor. (#1, p. 7) Mr. Johnson also implies that school records would not evidence a complaint of sexual assault. (#1, p. 7)

To establish prejudice from counsel's failure to investigate or call a potential witness, a petitioner must show that the witness's testimony would probably have changed the outcome of the trial. *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996)(citing *Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994)). In this case, the Court is left to guess what the records would have shown, if they even exist, and what the testimony would have been. Mr. Johnson claims the victim and her mother had a "history of exact and similar hallucinogenic allegations," but again provides no support for his assertion. (#1, at p. 7) Mr. Johnson filed this action four years after his conviction. In this time, he apparently has not been able to come up with a single document, from any source, to support this claim.

3. *Medications*

Mr. Johnson claims that both the victim and her mother "took mind altering medications" and that he was prejudiced by his counsel's failure to "obtain their doctor's expert testimony about the [effect] their medications and illness had on their ability to

testify competently." (#1, at p. 5) Mr. Johnson has again provided nothing other than bare assertions to support his claim. He has not provided an affidavit, a diagnosis, the name of medications, or even a physician's name to validate his claim that his lawqyer failured to investigate medical records.

        4.  *Allegation of Sexual Assault*

Mr. Johnson implies that the victim never made an allegation of sexual assault prior to trial. (#1, p. 8) This assertion is untrue. Detective Kris Deason testified that she met with the victim, and the victim gave a statement about the sexual assault. (#6, p. 228) After the statement, Detective Deason sought a warrant for Mr. Johnson's arrest. (#6, p. 229) Clearly, the arrest warrant was issued prior to trial.

The Arkansas Supreme Court reasonably addressed all of Mr. Johnson's ineffective-assistance-of-counsel claims by applying the standard set forth in *Strickland*. *Johnson v. State*, 2012 Ark. 225, at 2, 2012 WL 1877343, at *2. The Court noted, consistent with federal law, that Mr. Johnson had the burden to establish his claims with factual support. *Id*. Mr. Johnson failed to support his claims either in the State courts and here. He has not shown the Arkansas Supreme Court's decision to be contrary to, or an unreasonable application of, clearly established federal law.

    C.    *Sufficiency of the Evidence*

In his remaining claim for relief, Mr. Johnson contests the sufficiency of the evidence against him. To prevail on a sufficiency-of-evidence claim, Mr. Johnson must

show that, based on the trial record, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781 (1979).

The jury in this case found Mr. Johnson guilty of second-degree sexual assault. A person is guilty of second-degree sexual assault when the person: (1) being eighteen years of age or older, engages in sexual contact with another person who is (2) less than fourteen years of age and not the person's spouse. ARK. CODE ANN. § 5-14-125(a)(3). Trial testimony established that Mr. Johnson, being at least thirty years old at the time of the offense, engaged in sexual contact with a nine-year-old. These facts meet the elements of second-degree sexual assault.

Mr. Johnson complains, however, that the only evidence in the case was the testimony of the victim and her mother. (#1, p. 3) Under both State and federal law, the victim's testimony alone is sufficient to sustain a conviction. See *Gibbs v. Kemna*, 192 F.3d 1173, 1176 (8th Cir. 1999)(the testimony of any one of the eyewitnesses, if believed by the jury, would be sufficient to support a verdict of guilt); *Brown v. State*, 374 Ark. 341, 343, 288 S.W.3d 226, 228 (2008)(a rape victim's testimony may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child); *Bryant v. State*, 2010 Ark. 7, 8, 377 S.W.3d 152, 158 (2010)(victim's testimony need not be corroborated to demonstrate sufficient evidence of sexual abuse). If there was an issue of credibility, it was for the jury to decide. *Gibbs*, 192 F.3d at 1176.

The evidence before the jury was sufficient to support Mr. Johnson's conviction. As noted, even uncorroborated testimony is sufficient to support a conviction for second-degree sexual assault. The jury could have chosen not to believe the testimony; but this Court is not free to second-guess the trier of fact, even if there was conflicting testimony. When the record contains conflicting evidence, the reviewing Court must assume that the trier of fact resolved conflicts in favor of the prevailing party. *Jackson*, 443 U.S. at 326; see also *Schlup v. Delo*, 513 U.S. 298, 330, 115 S.Ct. 851 (1995).

Consistent with federal law, the Arkansas Supreme Court found the witness testimony sufficient to convict Mr. Johnson of the offense and noted that the credibility of the victim and her mother was a matter for the jury. *Johnson v. State*, 2012 Ark. 225 (2012). Accordingly, Mr. Johnson's sufficiency-of-evidence claim should be dismissed.

## V.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Johnson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Johnson has not provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## VI. Conclusion

The Court recommends that Mr. Johnson's petition for writ of habeas corpus be dismissed, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 24th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE